# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-082** |
| **V.** | * | **SECTION : "R"** |
| **JAMES LIM**<br>a/k/a "Jimbo" | * | |
| | * | |

\* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION TO DEFENDANT'S MOTION REQUESTING RELEASE ON BAIL PENDING TRIAL

Defendant JAMES LIM, by and through his attorneys of record, Robert Glas and Victor Sherman, hereby submit the Memorandum in Support of the request for reconsideration of his Motion Requesting Release on Bail Pending Trial.

DATED:  July 23, 2019         Respectfully submitted,

ROBERT GLAS (#6050)
GLAS & REED
3015 Magazine Street
New Orleans, Louisiana 70115
Tel: (504) 581-9083; Fax: (504) 527-6156
Email: glasreed@bellsouth.net

        VICTOR SHERMAN (Cal. 38483)
        LAW OFFICS OF VICTOR SHERMAN
        11400 West Olympic Boulevard, Suite 1500
        Los Angeles, California 90064
        Tel: (424) 371-5930; Fax: (310) 392-9029
        Email: victor@victorsherman.law
        Attorneys for James Lim

        /s/Robert Glas
By:   _____
        ROBERT GLAS

## OVERVIEW

A Federal Grand Jury sitting in the Eastern District of Louisiana indict James Lim under seal on May 2, 2019 on one count of Conspiracy to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A), all in violation of 21 U.S.C.§ 846; and one count of Use of a Communication Facility in Committing, Causing or Facilitating a Drug Trafficking Felony, in violation of 21 U.S.C. §843(b). A federal warrant was issued for Lim's arrest at that time.

On June 11, 2019, James Lim was arrested at Los Angeles International Airport. Authorities contend that Lim was attempting to flee the United States. In fact, this trip to Bali had been planned for some time. John Kim, whose letter to the court is included in this report, was to travel with him, but Kim encountered a problem with his passport at the airport. Lim had recently self-committed to a detox program at Laguna Treatment Center in Aliso Viejo, California. The trip to Bali was a continuation of his efforts to remove himself from any temptation to "fall off the wagon." Kim and others describe the trip as intended to be a spiritual and rehabilitative one.

On June 17, 2019, at a detention hearing held before the Honorable Frederick F. Mumm, United States Magistrate Judge for the Central District of California, Lim was ordered released on a $100,000 bond, secured by a property at

4961 Borrego Dr., La Palma, California 90623. United States Attorney Peter G. Strasser of the Eastern District of Louisiana subsequently issued a Motion for a Stay of the Magistrate Court's Release Order, pending a hearing on said Release Order.

James Lim's personal background and community ties are relevant to the twin considerations of flight and dangerousness, and are summarized herein. This information was acquired through interviews of the defendant's sister, a review of the documentary evidence, and consideration of the numerous character letters which are attached.

## **PROPERTY TO BE PLEDGED FOR COLLATERAL**

Mr. Lim's family is prepared to offer a substantial guaranty for his bail in the form of real property, namely a house at 4961 Borrego Drive, La Palma, California 90623.  This property was granted by James Lim's father, Moo Kwang Kim, to James Lim's mother, Jung Sim Lim, by way of Interspousal Transfer Deed in 2007.

The property at 4961 Borrego Drive is a 4 bedroom, 3 bath single-family residence of 1926 square feet with an estimated value between $699,800 and $763,000. The Lims own the house free and clear. Defendant Lim, his parents Moo Kwang Lim and Jung Sim Lim, and his sister Sandy Lim reside at the property.

## A REVIEW OF DEFENDANT'S PERSONAL BACKGROUND AND PHILANTHROPY UNDERSCORES HIS STRONG TIES TO THE COMMUNITY

### *1. Defendant's Personal Background*

James Lim was born in Los Angeles, California on June 30, 1987. Lim is, however, a lifelong resident of Orange County, California having grown up in Garden Grove, California. Lim has lived with his parents and sister Sandy Lim in the family home at 4961 Borrego Drive in La Palma, California since 2007.

Lim's father, Moo Kwang Lim, and his mother, Jung Sim Lim, immigrated to the United States from South Korea in the early 1980's. Moo Kwang has made a living in the U.S. in the related fields of violin performance, repair and lessons. Jung Sim has devoted her life to raising her children and maintaining their household. Lim's sister Sandy is a Registered Nurse. Lim has over thirty aunts, uncles, cousins, nieces and nephews in Southern California, mostly in Orange County—a vast network of support.

The Lims are lifelong churchgoers. James and his sister Sandy grew up going to church retreats and doing missionary work. James attended the Southland Church of Anaheim weekly until his arrest.

Outside of church, Lim, either alone or with friends, has provided food, clothing and children's toys to the unfortunate people on Los Angeles' skid row

and elsewhere. He has done this regularly albeit quietly for years, and few outside his immediate circle of family and friends know about it.

James Lim attended Sierra Vista Middle School and received his diploma from San Joaquin High School. He is single, but trying to reconcile with his girlfriend.

### 2. *Defendant's Employment History*

Mr. Lim is the proprietor of 6 Society, Inc, a clothing business incorporated in California in 2013. According to cousin David Lim, "James' clothing brand was worn by famous music artists and celebrities as: Nipsey Hussle, Trey Songz and Colin Kapaernick."

Lim has also held a number of jobs in Orange County, including positions at a lighting company and a dental office.

### 3. *Community of Support*

Letters received in support of bail for the defendant reflect a strong current of support for Mr. Lim. All the letters are attached, and some are excerpted here. The letters to the Court emphasize James Lim's commitment to his community, which is clearly reciprocal. Mr. Lim's longtime friend, Waymond Wue, writes:

> Through his own hard times and troubles, he has found a passion for helping people and giving back to the community. He always brainstorms and tries to figure out ways that we can help those less fortunate than us. He's organized toy drives, food donations and clothing

>donations, which inspired many of his peers to do the same.

Krystal Wei writes:

>He is always there to serve others in his community and does it without any need for recognition… He is constantly learning and constantly changing, but one thing that remains the same is his desire to help others.

Bryant Pham writes:

>James has always been an upright character in the community, from helping youth pastors at church, to feeding the homeless in L.A.

Regarding Lim's clothing company, family friend Michelle Nguyen writes:

>Like any new business, there were obstacles and setbacks, however James never gave up. After a lot of blood sweat and tears, James was able to start employing people. These people were able to have a secure job and support themselves.

## PRETRIAL DETENTION IS RARELY APPROPRIATE AND IS NOT WARRANTED IN THE CASE AT BAR

### 1. *The Legal Standards Support Release on a reasonable Bail*

The doctrine that the federal courts are obligated to release those accused of non-capital offenses under the least restrictive alternative conditions which will provide reasonable assurance that the accused will appear in court is founded on the Eighth Amendment and presumption of innocence. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and

7

serves to prevent the infliction of punishment prior to conviction. *United States v. Bigelow*, 544 F.2d 904, 908 (6th Cir. 1976). Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

On a motion for pretrial detention, it remains incumbent on the prosecution to prove, by clear and convincing evidence, that the defendant is a danger to the community and that no condition or conditions would reasonably assure the safety of any other person and the community. See 18 U.S.C. §3142; *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985). If that burden is not met, bail must be set.

"The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). Release conditions available include curfews, travel restrictions, reporting requirements, the use of radio bracelet warning systems, and third party custody. See 18 U.S.C. §3142(c)(1); *United States v. Ojeda Rios*, 846 F.2d 167, 169 (2nd Cir. 1988). Under this standard, the government is unable to carry its burden of showing that no condition or combination of conditions will reasonably assure James Lim's appearance at trial or the safety of the community.

## 2. *The Risk of This Defendant Fleeing the Jurisdiction is Minimal*

James Lim respectfully submits that his release on reasonable bail pending trial would create no meaningful risk of him failing to appear. He has strong family ties in La Palma, Orange County, California, where he would reside pending the outcome of this case. He has an entire family, consisting of his mother and father, a sibling, and more than 30 aunts, uncles and cousins who have been residents of La Palma and Orange County for many years.

A recurring theme in letters submitted to the Court on Mr. Lim's behalf is his overarching commitment to his family, especially to his parents. James Lim's cousin David Lim writes:

> In the Korean tradition, the first son is given a duty to take care of their parents. James had a strong dedication towards adhering to the expectations from the Korean tradition.

Bryant Pham writes:

> I know if his parents post property bond he will not flee the country because he will not risk the roof that is over his family's head.

Long-time friend John Kim writes:

> I can confidently say that James will never put his family's well-being at stake no matter the situation. As a God-fearing man, James' loyalty to his family is unwavering and unequivocal.

United States Army veteran Eric Shin writes:

> [James] is a very kind and deeply family-oriented man who would never jeopardize the well-being of his family. …I know for certain that should James be released on bail, he will do what is required to ensure the well-being of his family.

Waymond Wue writes:

> I know that to secure his bail his parents are willing to put up their family home. This to him is just as serious as the case against him. His parents love him deeply, but they are sensible and would never put up their home if James was not of moral character. …. He would never jeopardize the family home by not showing up for court. … He will not run away from his family. He will not run away from these charges.

Mr. Lim is willing to remain under home detention and readily agrees to accept any further restrictions, including wearing an electronic monitoring bracelet. In combination, these restrictions obviate any contention that he would pose a risk of flight. See United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). In O'Brien, the First Circuit Court of Appeals upheld the pre-trial release of Edward O'Brien, a high-ranking federal drug agent charged with narcotics trafficking, subject to the condition he wear an electronic monitoring bracelet, even though he had no substantial ties to the community, had overseas connections, the evidence of his guilt was strong, he lived near an international airport and had a seasoned understanding of the inner workings of law enforcement. *Id.* at 816. Although the appellate court found that O'Brien posed a risk of flight, they conclude that the wearing if an electronic monitoring bracelet, combined with other conditions,

rebutted the presumption of flight risk and concluded that the government had not met its burden of showing that no condition or combination of conditions would reasonably assure his appearance. *Id* at 817.

Mr. Lim is willing to accept the most restrictive release conditions available. It is respectfully submitted that he poses no risk of flight and that the government is unable to meet the burden of showing that "no condition or combinations of conditions" exist to reasonably assure his appearance at trial.

### 3. *The Defendant Poses No Danger to the Community*

Although the Bail Reform Act added "safety to the community" as a factor to be considered in imposing detention, the cases interpreting the statute consistently reiterate that "the passage of the pretrial detention provision of the 1984 Act did not…signal congressional intent to incarcerate wholesale the category of accused persons awaiting trial." <u>United States v. Orta</u>, supra, 760 F.2d at 890.

As the Orta Court explained: "[T]he legislative history stresses that the decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. It is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants. *Id*. at 890 (citing S.Rep. No.225, 98th Cong. 1st Sess. P. 12) (emphasis in original).

11

Consistent with this, the statutory scheme continues to favor release over pretrial detention, providing the judicial officer with alternatives to structure an appropriate pretrial release. Id. At 890. Doubts regarding the propriety of release should be resolved in favor of the defendant. The appropriate procedure in detention hearings requires that the Court follow a statutory progression from release on personal recognizance to conditional release before the Court can even consider detention. Orta, 760 F.2d at 890-91; United States v. Maull, 773 F.2d 1479, 1482 (8th Cir. 1985) (en banc).

Any concerns that Mr. Lim poses a risk could be addressed and ameliorated by a heightened degree of monitoring. His movement could be kept to a minimum by requiring him to wear an electronic bracelet, which could be imposed as a special condition of his release on bond. He could be required to agree to a residential search at any time, drug testing, or any other measures that the Court might deem appropriate. Together, these measures would reasonably ensure that Mr. Lim poses no flight risk or danger to the community.

## **CONCLUSION**

James Lim's family members and others close to the defendant have indicated their willingness to assist in ensuring his appearance at all court hearings. Lim is a natural-born United States citizen and long-time resident of Orange County, California where he has extensive family and community ties. Defendant

has a powerful disincentive to flee prosecution in that he would be essentially forfeiting the family home—a grave and unpardonable betrayal.  Any fear of this defendant absconding could be allayed by electronic bracelet monitoring.

    For the forgoing reasons, Defendant James Lim respectfully asks the Court to release him from pretrial custody pursuant to 18 U.S.C. §3142(c), and to set bail at a reasonable amount to be secured by a property owned by his mother.  Release under such conditions would adequately ensure James Lim's presence at all future court hearings.  Release on bond would also permit him to meet with undersigned counsel in Los Angeles for the purpose of reviewing discovery materials and assisting in the preparation of his legal defense.

DATED:  July 23, 2019                       Respectfully submitted:

                                                  ROBERT GLAS (#6050)
                                                  GLAS & REED
                                                  3015 Magazine Street
                                                  New Orleans, Louisiana 70115
                                                  Tel: (504) 581-9083; Fax: (504) 527-6156
                                                  Email: glasreed@bellsouth.net

        VICTOR SHERMAN (Cal. 38483)
        LAW OFFICS OF VICTOR SHERMAN
        11400 West Olympic Boulevard, Suite 1500
        Los Angeles, California 90064
        Tel: (424) 371-5930; Fax: (310) 392-9029
        Email: victor@victorsherman.law
        Attorneys for James Lim

        /s/Robert Glas
By:   _____
        ROBERT GLAS

## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to K. Paige O'Hale, Esq., Assistant United States Attorney.

        /s/Robert Glas
        _____
        ROBERT GLAS