UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.
2019 AUG 21 A 11: 25
WILLIAM W. BLEVINS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-082 |
| v. | * | SECTION: "R" |
| JAMES LIM<br>a/k/a "Jimbo" | * | |
| | * | |

\*   \*   \*

## FACTUAL BASIS

Should this matter proceed to trial, the United States of America will prove the defendant, **James LIM, a/k/a "Jimbo" ("LIM")**, guilty beyond a reasonable doubt of conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of d-methamphetamine hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846. The government would establish the following facts through credible testimony and the production of reliable evidence. Unless stated otherwise, the following acts occurred within the jurisdiction of the Eastern District of Louisiana.

In early 2018, Individual A introduced **LIM** to U.S. Postal Inspector Brian Cazalot, who was working in an undercover capacity, via telephone. Inspector Cazalot established that "Jimbo" was an alias for **LIM** of 4961 Borrego Dr. La Palma, CA 90623. On February 3, 2018, Inspector Cazalot placed a call to **LIM** via telephone, and informed **LIM** that he was an associate of Individual A. During this call, Inspector Cazalot asked "Is this Jimbo?" **LIM** responded "Yeah, man." **LIM** then instructed Inspector Cazalot to not use names over the phone. Over the course of

AUSA
Defendant
Defense Counsel

___ Fee_____
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._____

several more phone calls, Inspector Cazalot negotiated to purchase one pound of methamphetamine from **LIM** for $5,700.00.

On February 7, 2018, the United States Postal Inspection Service ("USPIS") prepared and mailed out Express Mail parcel bearing tracking number EL 918230366 US, which at the time of its delivery contained $5,700.00 for the one pound of methamphetamine. The Money Parcel was addressed to "James LIM 4961 Borrego Dr. La Palma, CA 90623." The State of California has "4961 Borrego Dr. La Palma, CA 90623" on file as **LIM**'s address for his California driver's license. Inspector Cazalot proceeded to text **LIM** the tracking number for the parcel. **LIM** then asked Inspector Cazalot when the parcel was scheduled to arrive. Inspector Cazalot told **LIM** the money parcel would arrive on Friday, February 9, 2018, by 10:30 a.m. **LIM** replied that once he received the money he had to "shop" for the methamphetamine, and would then ship it to Louisiana.

On Friday February 9, 2018, the USPIS conducted a controlled delivery of the Money Parcel to "4961 Borrego Dr. La Palma, CA 90623." "Jung Sim LIM" signed for and received the Money Parcel at approximately 9:05 a.m. The controlled delivery was recorded, and the older woman who signed for the parcel was later identified to be **LIM**'s mother. Later that evening, **LIM** texted Inspector Cazalot, "Sup bro everything's good. I just woke up. Package was received."

Over the course of the next several days, **LIM** communicated with Inspector Cazalot, via text messages and phone calls, to discuss how the methamphetamine was to be shipped to Louisiana. Specifically, **LIM** wanted to know a name and address to which he was supposed to ship the methamphetamine, as well as which speed of delivery (ground, overnight, etc.) was preferred. Inspector Cazalot told **LIM** to mail the parcel to "Latasha Gilroy 625 Lafayette St.,

2

AUSA 
Defendant
Defense Counsel

Houma, LA 70360," and to send the parcel via ground service. **LIM** told Inspector Cazalot he would mail the parcel using whatever method was preferred, but in the past—meaning with Individual A—they used next day service, which was more expensive. Inspector Cazalot told **LIM** to mail the parcel via ground service.

On February 15, 2018, **LIM** texted Inspector Cazalot photos showing how he was packaging the methamphetamine. Following the last photo of the methamphetamine parcel, **LIM** sent a text advising that parcel was shipped via 2-day service, as opposed to ground, because the box **LIM** used to package the methamphetamine was labeled "Priority Mail," which means 2 to 3 day service. **LIM** then texted Inspector Cazalot a receipt for the mailing transaction, which listed the price of the postage, as well as the tracking number (9505514103228047172295) for the parcel, and office from which the parcel was mailed (Brookhurst Center Post Office, located at 2255 W Ball Rd., Anaheim, CA 92814). Surveillance footage from the Brookhurst Center Post Office shows a male associate of **LIM**'s shipped the parcel.

On February 20, 2018, Inspector Cazalot took receipt of the Priority Mail parcel bearing tracking number 9505514103228047172295. Inspector Cazalot texted **LIM**, "sup bruh dat shit landed. much apprec bruh good lookin out man." **LIM** replied, "FSHO." The parcel contained the one pound of methamphetamine, which chemical analysis revealed to be more than 50 grams of d-methamphetamine hydrochloride.

The United States and **LIM** agree and stipulate that for sentencing purposes **LIM** will be held responsible for at least one hundred fifty (150) grams but no more than five hundred (500) grams of d-methamphetamine hydrochloride, which is actual methamphetamine.

3

AUSA _____
Defendant _____
Defense Counsel _____

At trial the government would introduce the methamphetamine seized on February 20, 2018; laboratory reports confirming that the substance **LIM** caused to be sent to Louisiana was in fact methamphetamine; recorded phone calls and text messages involving **LIM** concerning drug trafficking; testimony of the investigating agents and forensic chemist; and the statements of **LIM** and other witnesses.

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **LIM** or the government, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for **LIM**'s plea of guilty to the charged offense in Count 1 of the Indictment.

**READ AND APPROVED:**

_____       9/21/2019
K. PAIGE O'HALE                  Date
Assistant United States Attorney

_____       8-21-2019
ROBERT GLASS, Esq.               Date
Counsel for Defendant

_____       8/21/2019
JAMES LIM, a/k/a "Jimbo"         Date
Defendant